IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RODNEY and ASHTON NEUGEBAUER, )
Individually and as parents and next friends )
of R.N., a minor, )
      Plaintiffs, )
       )
v. ) Case No. CIV-23-1201-R
       )
       )
THE CITY OF DAVIDSON, )
ALOYSEUS LEONARD SYDNEY )
KERWAN, )
CHS INC., and )
CHAD ERIC WOFFORD, )
      Defendants. )

**ORDER**

  Plaintiffs filed this action in state court seeking to recover damages arising from a vehicle collision that injured their minor son. Over two years later, Defendant CHS Inc. removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. In its Notice of Removal, CHS acknowledges that Defendants City of Davidson and Chad Eric Wofford are non-diverse defendants but contends that removal is nevertheless appropriate because these defendants were fraudulently joined in this action. Plaintiffs filed a Motion to Remand [Doc. No. 2] arguing that complete diversity is lacking and the removal is untimely. The motion is fully briefed [Doc. Nos. 12, 18] and at issue.

**RELEVANT BACKGROUND**

  Plaintiffs' state court Petition alleges that Defendant Wofford (a volunteer firefighter with the City of Davidson) invited R.N. to ride along in his firetruck while he

1

was responding to a fire call. As Wofford was driving the fire truck through an intersection, Defendant Kerwan[1] (an employee of CHS) collided with the fire truck, causing significant injuries to R.N.

Plaintiffs filed suit in the District Court of Tillman County, Oklahoma alleging claims of negligence against the City, negligence against Wofford, negligence/recklessness against Kerwan, and negligence and negligent entrustment against CHS. Wofford subsequently filed a cross-claim against CHS and CHS filed cross-claim against Wofford. Two years after the case was filed, CHS removed the action to this Court. In support of the removal, CHS contends that 1) the Oklahoma citizenship of the City and Wofford may be disregarded in evaluating diversity jurisdiction because they were fraudulently joined in and 2) the removal is timely pursuant to 28 U.S.C. § 1446(c)(1) because Plaintiffs acted in bad faith in preventing removal. Plaintiffs dispute these assertions, contending they have viable claims against both defendants and did not act in bad faith.

## DISCUSSION

### A. Fraudulent Joinder

The doctrine of fraudulent joinder permits a federal court assessing subject matter jurisdiction to disregard the citizenship of a non-diverse defendant against whom the plaintiff has not or cannot assert a colorable claim for relief. *Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 (10th Cir. 1983). CHS, as the party invoking federal jurisdiction, bears the "heavy burden of proving fraudulent joinder." *Dutcher v. Matheson*, 733 F.3d 980, 988

---

[1] Defendant Kerwan has not been served.

(10th Cir. 2013) (quotation omitted). To establish fraudulent joinder, CHS "must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. (brackets and quotation omitted). Under the second prong, "remand is required if any one of the claims against the non-diverse defendant...is possibly viable." *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished). Importantly, "all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quotation omitted).

CHS fails to meet this "exacting" standard. *Montano*, 211 F.3d at 1278. CHS contends that Plaintiffs' rejection of a settlement offer for the maximum liability permitted by law establishes that the City is a fraudulently joined defendant because Plaintiffs have no possibility of further recovery against the City. This argument is totally irrelevant to the fraudulent joinder analysis, which concerns whether there are viable claims against the defendant and not whether the plaintiff could recover an additional sum from the defendant. CHS does not dispute that Plaintiffs have a viable negligence claim against the City and have cited no authority establishing that a defendant becomes fraudulently joined when a settlement offer is rejected.

As to Defendant Wofford, there is no need to undertake an analysis of the claim asserted against him because the claim against the City is sufficient on its own to establish that complete diversity amongst the parties is lacking. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each

defendant or face dismissal."); *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (explaining that there is no fraudulent joinder where "there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant").

## B. Timeliness of Removal

To establish the timeliness of its Notice of Removal, CHS relies on 28 U.S.C. § 1446(c)(1), which provides that a case may not be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." This exception "require[s] an inquiry into whether the plaintiff kept a removal-spoiling party in the case only for the purpose of preventing removal." *Aguayo v. AMCO Ins. Co.,* 59 F. Supp. 3d 1225, 1228–29 (D.N.M. 2014).

In addressing § 1446(c)(1), the parties have relied on the two-step analysis outlined in *Aguayo*, which has been utilized by numerous district courts, including in the Tenth Circuit. *See Rowan v. State Farm Fire & Cas. Co.*, No. CIV-19-00205-PRW, 2019 WL 4166697, at *5 n.34 (W.D. Okla. Sept. 3, 2019) (collecting case). *Aguayo* describes the bad faith inquiry as follows:

> First, the Court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera. Failure to actively litigate against the removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith. Second, the defendant may attempt to rebut this presumption with evidence already in the defendant's possession that establishes that, despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not

> have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court. The defendant may introduce direct evidence of the plaintiff's bad faith at this stage—e.g., electronic mail transmissions in which the plaintiff states that he or she is only keeping the removal spoiler joined to defeat removal— but will not receive discovery or an evidentiary hearing in federal court to obtain such evidence.

*Aguayo*, 59 F. Supp. 3d at 1262–63.

Here, Plaintiffs have sufficiently shown that they have actively litigated their claim against the City: they have asserted a valid claim, issued discovery to the City, and clearly engaged in settlement negotiations. Although CHS describes the discovery efforts towards the City as perfunctory, Plaintiffs are the masters of their case and are permitted to expend their resources in the way they think is most beneficial to their claims. Because Plaintiffs have actively litigated against the City, there is a rebuttable presumption that they have acted in good faith. In seeking to overcome this presumption, CHS again relies on Plaintiffs' rejection of the City's settlement offer. This is insufficient to show bad faith; a plaintiff is free to reject a settlement offer – even a good one – and take her claims to trial if she chooses. CHS' speculation as to Plaintiffs' true motives for keeping the City in the case is insufficient to show bad faith under § 1446(c)(1).

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand [Doc. No. 2] is GRANTED. This case is REMANDED to the District Court of Tillman County, State of Oklahoma.

IT IS SO ORDERED this 6th day of March, 2024.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE